# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF INDIANA
### INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| RICKY UNDERHILL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:13-cv-1457-TWP-DML |
| | ) | |
| LARRY STORMS, JENNIFER GIBSON, | ) | |
| S. TARR, A. CATRON, R. GARD, B. | ) | |
| MORGAN, M. HICKS, OFFICER HALL, | ) | |
| and OFFICER POWELL | ) | |
| | ) | |
| Defendants. | ) | |

## ENTRY ON MOTION FOR PRELIMINARY INJUNCTION

Plaintiff, Ricky Underhill ("Mr. Hill"), has requested a preliminary injunction enjoining the defendants from harassing and retaliating against him and preventing defendant Larry Storms from handling his personal and legal mail (Dkt. 17).

The defendants failed to file a response to the motion for preliminary injunction. The Court nevertheless must determine whether the requirements for issuance of a preliminary injunction are satisfied. "A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Natural Resources Defense Council, Inc.*, 555 U.S. 7 (2008) (citation omitted). To obtain a preliminary injunction under Federal Rule of Civil Procedure 65(a), a plaintiff must show: (i) a likelihood of success on the merits; (ii) irreparable harm that will result if the injunction is denied; (iii) that the threatened injury outweighs the harm that would result to the opposing party if the motion were granted (i.e. that the "balance of the equities" favors the movant); and (iv) that the injunction will not adversely affect the public interest. *Wilderness Workshop v. U.S. Bureau of Land Mgt.*, 531 F.3d 1220, 1224 (10th Cir. 2008).

With respect to his request for an order from the Court enjoining defendants Storms and Catron from harassing him, Mr. Hill has not shown that a preliminary injunction is warranted. He has not shown a likelihood of success on the merits of his claims or that irreparable harm will result if the injunction is denied. While it is certainly true that unremitting tension exists between guards and inmates, who are forced to co-exist "in a closed, tightly controlled environment peopled by those who have chosen to violate the criminal law and who have been lawfully incarcerated for doing so," *Wolff v. McDonnell*, 418 U.S. 539, 562 (1974), this environment does not poison every measure taken by prison authorities to enforce rules of behavior. Furthermore, an inmate claiming retaliation for an exercise of his rights must show more than subsequent adverse administrative action. Rather, the prison official's conduct must transcend all bounds of reasonable conduct and shock the conscience. *Williams v. Smith,* 717 F. Supp. 523, 525 (W.D.Mich. 1989). The prison official's alleged conduct must constitute "an egregious abuse of governmental power." *Cale v. Johnson,* 861 F.2d 943, 950 (6th Cir. 1988). No conduct of that magnitude is suggested by Mr. Hill in his request for an injunction. Further, the alleged harassment took place after Mr. Hill filed this lawsuit. He therefore could not have complied with the requirement of the Prison Litigation Reform Act that a prisoner exhaust his available administrative remedies regarding those issues for which he now seeks a preliminary injunction. Because Mr. Hill has not exhausted available administrative remedies regarding these matters, at this time, he could not prevail on the merits and the Court is unable to grant the requested relief. *See Ferrell v. United States Department of Housing and Urban Development,* 186 F.3d 805, 811 (7th Cir. 1999).

Mr. Hill's request for an order directing that defendant Storms not handle his mail must also be denied. Mr. Hill's allegations do not identify either irreparable harm or a likelihood of

prevailing on the merits of this claim and the very nature of his request suggests restraint. "Where . . . penal institutions are involved, federal courts have . . . reason for deference to the appropriate prison authorities." *Procunier v. Martinez,* 416 U.S. 396, 412 (1974). Affording deference and flexibility to prison officials is "especially warranted in the fine-tuning of the ordinary incidents of prison life." *Sandin, v. Conner*, 515 U.S. 472, 482 (1995); *see also Pardo v. Hosier*, 946 F.2d 1278, 1280-81 (7th Cir. 1991) (prison administrators "must be accorded wide-ranging deference in the . . . execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security.").

For the foregoing reasons, Mr. Hill's motion for a preliminary injunction (Dkt 17) and supporting materials fail to support the relief which he seeks, and thus his requests are **DENIED.**

        **SO ORDERED.**

Date: ___01/30/2014___

_(signature)_
Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana

DISTRIBUTION:

Ricky Underhill, #953146
New Castle Correctional Facility
1000 Van Nuys Road
New Castle, Indiana 47362

Adam Garth Forrest
BOSTON BEVER KLINGE CROSS & CHIDESTER
afforest@bbkcc.com